UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
DIVISION
CASE NO.
MAGISTRATE JUDGE

**01- 8388**

**CIV-SEITZ**

ACCESS FOR THE DISABLED, INC., a
Florida not for profit corporation, and
ROBERT COHEN, Individually,

        Plaintiff,

vs.

THE WESTWIND GROUP, INC., a
Florida corporation,

        Defendant(s).
_____/

**MAGISTRATE JUDGE GARBER**

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiff, ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation, and ROBERT COHEN individually, (sometimes referred to herein as "Plaintiff" or Plaintiffs), sues the Defendant(s), THE WESTWIND GROUP, INC., a Florida corporation (sometimes jointly referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

### JURISDICTION AND VENUE

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6. Plaintiff, ACCESS FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS FOR THE DISABLED, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ACCESS FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims.

7. Plaintiff, ROBERT COHEN is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. ROBERT COHEN has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and the services offered to the public at the property.

8. The barriers to access at the property described below have effectively denied or diminished plaintiff's ability to visit the property and have endangered his safety. Barriers to access involving parking and path of travel at this property have posed a risk of injury to the plaintiff. Every other barrier to access as described in this complaint causes similar risk of injury, embarrassment or discomfort to the plaintiff.

9. ACCESS FOR THE DISABLED, INC. and ROBERT COHEN have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 16 of this complaint.

10. ROBERT COHEN desires to visit the defendant's property not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant.

12. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place

of public accommodation that the Defendant owns, operates, leases or leases to is known as BURGER KING 53 and is located at 1210 North Dixie Highway, West Palm Beach, Florida 33401.

## THE INSTANT CLAIM

13. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

14. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

15. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in

4

violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

16. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less):

**Exterior Routes:**

a. There is no accessible route from the street or the public sidewalk, in violation of section 4.1.2(5) of the ADAAG. See photos #A through #C.
b. The accessible route is less than the minimum amount of 36 inches, in violation of section 4.3.3 of the ADAAG. See photo #L.
c. The accessible parking spaces are not properly marked as per US Code 23 section 109 D (striped in white and prominently outlined in blue). See photo #B.
d. The accessible parking spaces are not the correct size nor do they have an access aisle, in violation of section 4.6.3 of the ADAAG. See photo #C.
e. The accessible parking space signage is not located so that they would not be obstructed by a parked vehicle, in violation of section 4.6.4 of the ADAAG. See photo #B.
f. The accessible parking spaces do not have an accessible route to the building's accessible entrance, in violation of section 4.1.2(1) of the ADAAG. See photo #C.
g. The accessible ramp is over the maximum slope and does not have handrails on both sides, in violation of section 4.8.5(1) of the ADAAG. See photo #C.
h. The stairs do not have handrails on both sides, nor is it continuous, extending at least 12 inches beyond the top riser and 12 inches plus the width of the one tread from the bottom riser, in violation of sections 4.9.4 and 4.9.1(2) of the ADAAG.
i. The landing between the stairs and the door does not have edge protection for the drop-off, in violation of section 4.8.7 of the ADAAG. See photo #C.

**Interior:**

j. The accessible signage is not located in the correct location, in violation of section 4.30.6 of the ADAAG. See photos D and L.
k. The exit does not meet the requirements for an accessible means of egress, in violation of section 4.1.3(9) of the ADAAG. See photos D and L.
l. The doors do not have the correct amount of space or clearance, in violation of sections 4.13.6 and 4.13.7 of the ADAAG. See photo E.
m. The door swings into the clear floor space of the accessible stall and does not conform with the size and arrangement of section 4.17.3 of the ADAAG. See photos

        F and J.

n. The accessible door does not have the correct amount of maneuvering clearances needed to comply with section 4.13.6 of the ADAAG. See photos G through J.

o. The lavatory is not accessible and the drain pipe is not insulated, in violation of 4.19.2 and Figure 31 of the ADAAG. See photo #I..

p. The reflecting surface of the mirror is over the maximum of 40 inches above the finish floor, in violation of section 4.19.6 of the ADAAG. See photos G and I..

q. The accessible urinal is not the correct height, in violation of section 4.18.2 of the ADAAG. See photo I.

r. The accessible water closet does not have a grab bar behind it as required by section 4.17.6, nor is the flush control located properly, in violation of section 4.16.5 of the ADAAG. See photo F.

s. The paper towel dispenser is a protruding object, into the maneuvering space of the accessible door, in violation of section 4.4.1 of the ADAAG. See photo F.

17. The discriminatory violations described in Paragraph 16 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

18. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA.

19. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

21. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

22. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b. An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c. Such other relief as the Court deems just and proper.

Respectfully Submitted,
**FULLER, FULLER AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305)534-9894 - Fax

By: _____
Lawrence A. Fuller, Esquire
Florida Bar #0180470
Date: 1/3/01

W:\WPDocs\A.D.A\##NEW (TEMP) FILES\BURGER KING - PALM BEACH\complaint.wpd



A



B

Parking spces are of insufficient width/ no access aisle



C

Ramp exceeds 1:12/ Handrails



D

Means of egress 4.1.3.9



E

Doors in a series



F

No rear grab bar



Mirror above 40" to reflecting surface  G

Door insufficient manuevering clearance  H

Urinal above height range  I

Door swings into clear floor space of stall  J

signage  K

accessible route less than 36"  L

# CIVIL COVER SHEET

01-8388

CIV-SEITZ

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
ACCESS FOR THE DISABLED, INC., a Florida not-for-profit corporation, and ROBERT COHEN, Individually,

**DEFENDANTS**
THE WESTWIND GROUP, INC., a florida corporation,

MAGISTRATE JUDGE GARBER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

A: WPB 01CV8388 PAS/Garber

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
FULLER, FULLER & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139 (305) 538-6483

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

**IVa.** 1 1/2 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | PERSONAL PROPERTY | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 370 Other Fraud | | | ☐ 894 Energy Allocation Act |
| A REAL PROPERTY | ☐ 371 Truth in Lending B | A CIVIL RIGHTS B PRISONER PETITIONS | A FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 380 Other Personal Property Damage | ☐ 441 Voting | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure B | ☐ 385 Property Damage Product Liability | ☐ 442 Employment | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | | ☒ 443 Housing/Accommodations | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 240 Torts to Land | | ☐ 444 Welfare | | |
| ☐ 245 Tort Product Liability | | ☐ 440 Other Civil Rights | | |
| ☐ 290 All Other Real Property | | | | |
| | | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | |
| | | ☐ 530 General * | ☐ 790 Other Labor Litigation | |
| | | ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | |
| | | ☐ 540 Mandamus & Other * | | |
| | | ☐ 550 Civil Rights * A or B | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from Another district (specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $** _____
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE_____ DOCKET NUMBER:_____

**DATE** 4/30/01

**SIGNATURE OF ATTORNEY OF RECORD** [signature]

UNITED STATES DISTRICT COURT
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 84094
Date Paid: 05/01/01
Amount: 150.00
MWfp:_____

FILED BY ___ D.C.
APR 30
CLERK U.S. DIST CT.
S.D. OF FLA - MIA